UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVEN A. ROLLINSON, | ) C/A No. 4:12-3259-TLW-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| TIM RILEY, WARDEN, TYGER RIVER CORRECTIONAL INSTITUTION, | ) ) |
| | ) |
| Respondent. | ) |

Petitioner, Steven A. Rollinson (Petitioner/Rollinson), is currently incarcerated at Tyger River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 15, 2012. Respondent filed a motion for summary judgment on July 3, 2013, along with a return, supporting memorandum and exhibits. (Docs. #33 and #34). The undersigned issued an order filed July 3, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #36). Petitioner filed a response in opposition on September 9, 2013. (Doc. #39).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Horry County. Petitioner was indicted by the Horry County grand jury for Assault and Battery with Intent to Kill (ABWIK)(2006-GS-26-4381).[2] Petitioner was represented on the charges by Michael E. Suggs, Esquire. Petitioner proceeded to trial from December 11-13, 2006, before the Honorable John Milling, Circuit Court Judge ("the trial sentencing court") and a jury. At the conclusion of the trial, Petitioner was found guilty as charged. Judge Milling sentenced Petitioner to twelve (12) years confinement suspended to nine (9) years of active time and five (5) years probation, with credit for 189 days of time served. Judge Milling also ordered Petitioner to complete ATU and to receive anger management counseling.

---

[2] The facts of the case as set forth by the Respondent which have not been disputed by the Petitioner are as follows:
> On June 5, 2006, Petitioner assaulted and battered his wife with an axe severely cutting her face and knocking out several teeth, severely cutting her shoulder, and severely cutting a wrist. The victim was airlifted to a MUSC in Charleston, S.C. The victim was on life support for three (3) days. The victim remained in the hospital for approximately twenty-one (21) days. The victim has also had to undergo several surgeries as a result of the disfigurement to her face or injuries to her body. The victim cannot use one of her arms. She also lost partial vision in one (1) of her eyes. The assault occurred after Petitioner had stayed out all night the night before the assault drinking and smoking marijuana. When Petitioner came home, there was an altercation with his wife. The altercation continued onto the front porch. Petitioner pushed his wife down on the front porch. While laying on the porch the victim reached for an axe. Petitioner took the axe away from the victim and struck the victim several times with the axe. Petitioner then fled the scene and hid in some woods for two (2) days before turning himself in. Some passers by stopped and rendered aid to the victim and a neighbor called 911. (See Trial Transcript).

(Respondent's memorandum, p. 2).

**DIRECT APPEAL**

Petitioner appealed his conviction and sentence to the South Carolina Court of Appeals by way of an Anders[3] brief. Petitioner was represented in his direct appeal by Katherine H. Hudgins of the S.C. Office of Appellate Defense. In the Anders brief, Petitioner raised the following issue to the South Carolina Court of Appeals: "Did the judge err in refusing to order a competency evaluation prior to trial?" (Anders brief, p. 3). Collateral counsel certified to the Court that the appeal was without merit and asked to be relieved as counsel. (Anders brief, p. 9). Petitioner filed a *pro se* Response to the Anders brief raising the following issue to the Court of Appeals: "Did the trial judge err in refusing to order a competency evaluation prior to trial. (*Pro se* Response, p. 3). On October 13, 2009, the South Carolina Court of Appeals denied and dismissed the appeal and granted appellate counsel's request to withdraw after the Anders review. The Remittitur was issued on October 29, 2009.

**POST-CONVICTION RELIEF ACTION**

On January 19, 2010, Petitioner filed an application seeking post-conviction relief ("PCR") in the Horry County Court of Common Pleas. In his application, Petitioner alleged the following:

Ineffective assistance of counsel:

    (a) Failure to present sufficient evidence of client correspondence;

    (b) Failure to call appropriate witnesses;

    (c) Failure to timely request a continuance.

Respondent made its Return on February 18, 2010. A hearing was convened into the matter on

---

[3] Anders v. California, 386 U.S. 738 (1967).

3

August 24, 2010, before the Honorable Larry B. Hyman, Jr., Circuit Court Judge. Petitioner was present at the hearing and represented by collateral counsel Paul Archer, Esquire. Respondent was represented by Christina Catoe, Assistant Attorney General. On October 12, 2010, the PCR Court denied and dismissed the PCR Application with prejudice. The Order of Dismissal was filed with the Horry County Clerk of Court on October 18, 2010.

Petitioner appealed from the denial of PCR relief by way of a <u>Johnson</u> Petition for Writ of Certiorari to the S.C. Supreme Court. Petitioner was represented in the appeal by Wanda H. Carter, Deputy Chief of the S.C. Office of Appellate Defense. In the <u>Johnson</u> Petition, Ms. Carter raised the following issue to the S.C. Supreme Court:

> Trial counsel erred in advising petitioner only of the lower sentencing range connected to the state's plea offers because an assessment of the strength of the state's evidence and his self-defense claim were additional factors worthy of consideration in deciding whether to accept or reject the state's plea offers in the case.

(<u>Johnson</u> Petition, p. 2). Collateral appellate counsel certified to the Court that the appeal was without merit and asked to withdraw. (<u>Johnson</u> Petition, p. 8). Petitioner filed a *pro se* Response to the Johnson Petition raising numerous issues including trial court error, ineffective assistance of counsel, and ineffective assistance of PCR counsel. On July 30, 2012, after careful review of the record pursuant to <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the S.C. Supreme Court denied the Petition for Writ of Certiorari, dismissed the appeal, and granted collateral appellate counsel's request to withdraw. The Remittitur was issued on August 17, 2012.

## II. HABEAS ALLEGATIONS

Petitioner filed his petition on November 15, 2013, in which he raises the following issues,

quoted vebatim:

| | |
|---|---|
| GROUND ONE: | The judge erred in refusing to order a competency evaluation prior to trial. |
| Supporting Facts: | I told my lawyer that I was not in my right mind the day this happened. Prior to trial, counsel moved for a competency evaluation, the State objected. The judge questioned Rollinson and then the trial proceeded. The judge did not order an evaluation. (App. p. 342). |
| GROUND TWO: | Ineffective Assistance of Counsel: Counsel failure to present sufficient evidence of client correspondence. |
| Supporting Facts: | Letters from indicating that trial lawyer was not going to help me. Trial lawyer told my wife this. See attach Exhibit (A). |
| GROUND THREE: | Ineffective Assistance of Counsel. |
| Supporting Facts: | Counsel failure to call appropriate witnesses. |
| GROUND FOUR: | Ineffective assistance of counsel-Failure to timely request a continuance. |
| Supporting Facts: | none |

(Petition).

### III. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### IV. PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above (i.e., direct appeal, appeal from PCR denial), and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showings of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## V.  ANALYSIS

In Ground One of his habeas petition, Petitioner argues that the trial judge erred by failing to order a competency evaluation prior to trial. Petitioner asserts that after telling his lawyer that he was not in his right mind the day of the incident, his counsel moved for a competency evaluation which the trial judge failed to order after questioning Petitioner.

Respondent asserts that this ground is procedurally barred because it is a matter of state law

and not being cognizable on federal habeas review. Additionally, Respondent asserts that Petitioner did not raise a federal constitutional claim in this regard in state circuit court or on direct appeal.

It is recommended that Respondent's motion for summary judgment be granted on this issue as it is not cognizable in habeas review. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

In Ground Three, Petitioner argues ineffective assistance of counsel because counsel failed to call "appropriate witnesses." In Ground Four, Petitioner asserts that counsel was ineffective for failing to timely request a continuance. Respondent argues that both of these issues are procedurally barred because they were not raised in the Johnson Petition and, even though Petitioner filed a *pro se* Johnson petition, he did not raise these two issues.

These issues were denied by the PCR court but were not raised on appeal in the Johnson petition or in Petitioner's *pro se* brief. Thus, these issues are procedurally defaulted. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[4] Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Grounds Three and Four be dismissed as procedurally barred.

In Ground Two of the habeas petition, Petitioner argues that his trial counsel was ineffective

---

[4] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters on which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

for failing to present sufficient evidence of client correspondence. Specifically, Petitioner asserts that counsel failed to submit letters which was an indication that he was not going to help Petitioner.[5]

Respondent argues that the PCR court found this claim had no merit and that determination is entitled to deference by this court. Respondent further asserts that the PCR court's determination is fully supported by the record.

At PCR, Petitioner testified that his wife, the victim, had written him letters professing her love and/or expressing remorse over the incident. Petitioner asserted that he gave the letters to his attorney and asked that they be presented to the jury at trial. The PCR court noted that trial counsel testified at PCR and the trial transcript reflected that the letters would not likely have been admissible. Additionally, Petitioner did not introduce the letters at the PCR hearing. The PCR court found as follows with respect to this issue:

> The Applicant first alleged that counsel failed to "present sufficient evidence of client correspondence." His PCR testimony clarified that he was referring to letters written to him by the victim, his wife, professing her love for him or expressing remorse over the incident. He asserted that he gave these letters to his attorney and told him that he wanted them presented to the jury at trial. However, Mr. Suggs' PCR testimony, and the trial transcript, reflected that these letters would not likely have been admissible. (See Trial Transcript, p. 14-80). Further, the Applicant did not present these letters at the PCR hearing. See Harris B. State, 377 S.C. 66, 77, 659 S.E.2d 140, 146 (2008) (an applicant must produce documents at PCR in order to show prejudice from counsel's failure to use them at trial). However, in any event, the Applicant's wife ended up testifying at the trial, and she testified that she loved her husband, the Applicant, and did not believe he meant to hurt her in this incident. (See Trial Transcript, p. 123-29). Therefore, it appears that the letters would have bene cumulative in any event.

---

[5] Petitioner stated that he had attached a copy of a letter to his petition as Exhibit A, but there were no attachments. Even if there had been an attachment, the court would not consider evidence that was not before the state courts.

(PCR Order of Dismissal, tr. 412-413).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Counsel cannot be judged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Darden v.Wainwright, 477 U.S. 168, 169, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Petitioner provided no evidence of the letters at the PCR hearing and has failed to establish resulting prejudice. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on Ground Two.[6]

---

[6] Respondent argues that at PCR the Petitioner also alleged Counsel failed to submit correspondence regarding a detective wrongfully arresting him in the past. Respondent argues that this issue was not addressed in the PCR Order of Dismissal and Petitioner did not file a Rule 59e motion so that it was not preserved for appeal. Accordingly, this claim would be procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

## VI. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #33) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 12, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**